AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

SEP - 3 2024

MITCHELL R. ELFERS
CLERK OF COURT

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A black Motorola Model XT2315-5 cellular phone with<br>IMEI 357500412176446 | )<br>)<br>)<br>)<br>)<br>)    Case No.   24-1616 MR |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A which is hereby incorporated by reference

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B which is hereby incorporated by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 2119 | Taking a Motor Vehicle From Another Person by Force or Violence |

The application is based on these facts:

See attached Affidavit which is hereby incorporated by reference

☑ Continued on the attached sheet.

☐ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Gregorio Boeglin, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  9/03/24

*Judge's signature*

City and state:  Las Cruces,NM

Kevin R. Sweazea U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device(s) (referred to in **Attachment B** and **Attachment C** as "SUBJECT TELEPHONE" to include any SIM cards found in or with the SUBJECT TELEPHONE. This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

### SUBJECT TELEPHONE

SUBJECT TELEPHONE is a black Motorola Model XT2315-5, which was seized by the Dona Ana County Sheriff's Office, in, Dona Ana County New Mexico. The SUBJECT TELEPHONE is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) located in Las Cruces, New Mexico, and is depicted in the photographs below:



## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, wherever located and in whatever format, stored on the device(s) described in **Attachment A** that are related to violations of 18 U.S.C. § 2119, by an unidentified individual:

1. Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of customers, distributors, sources of supply, and other associates of the user of SUBJECT TELEPHONE;

2. Audio and video calls made to or from the SUBJECT TELEPHONE, along with the duration and date and time each such communication occurred;

3. Any message logs or messages, whether sent from, to, or drafted on, SUBJECT TELEPHONE, along with the date and time each such communication occurred;

4. The content of voice mail messages and audio and video messages stored on SUBJECT TELEPHONE, along with the date and time each such communication occurred;

5. Photographs or video recordings;

6. Information relating to the schedule, whereabouts, or travel of the user of SUBJECT TELEPHONE;

7. Information relating to other methods of communications, including the contents of those communications, utilized by the user of SUBJECT TELEPHONE and stored on SUBJECT TELEPHONE;

8. Bank records, checks, credit card bills, account information and other financial records; and

9. Evidence of user attribution showing who used or owned SUBJECT TELEPHONE, such as social media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and

instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF shall deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A **black Motorola Model XT2315-5 cellular phone with IMEI 357500412176446, hereinafter "SUBJECT TELEPHONE" The device is CURRENTLY located at the ATF Las Cruces Field Office Evidence Vault, located at 166 S. Roadrunner Pkwy Suite 2-C, Las Cruces, NM, 88012.** | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZER

I, Gregorio Boeglin, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellphone described in Attachment A, which is currently in law enforcement possession, and the extraction from that cellphone of the electronically stored information described in Attachment B.

### AGENT BACKGROUND

2.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since October 2009. Prior to my appointment with the ATF, I was a sworn law enforcement officer in the Dona Ana County Sheriff's Department for over nine (9) years, the last six of which I was assign as to the Criminal Investigations Division. I am currently assigned to the Las Cruces Field Office, an enforcement group responsible for investigating violent crime, gangs, armed drug trafficking, and other firearm related violations. In my capacity as a law enforcement officer, I have investigated individuals for the illegal possession

Page 1

and use of firearms, illegal possession and distribution of controlled substances, and for commission of violent crimes. Many of these investigations involved the execution of search warrants and led to the arrest and conviction of individuals for violations of federal and state laws.

3.      During my time as a law enforcement officer, I have become knowledgeable about the methods and modes of narcotics operations, the language, patterns of drug use and trafficking. I have knowledge and have participated in the use of various investigative techniques including the use of wiretaps, physical surveillance, undercover agents, confidential informants and cooperating witnesses. I have knowledge and have participated in controlled purchases of illegal narcotics, controlled purchases of firearms from prohibited persons, trafficking of firearms, electronic surveillance, consensually monitored recordings, investigative interviews, financial investigations, and the execution of search and arrest warrants.

4.      The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and observations of other law enforcement officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of reports, documents, and other physical evidence obtained during the course of this investigation.

5.      I know from my training and experience that a cache of information concerning activities and revealing the identity of the user of the device can be found on these devices. This information includes dialed, received, or missed calls and messages sent, received, or placed in draft status, which can be found on these devices, including in third-party applications (or "apps") with messaging and audio and video calling features, such as Facebook Messenger, WhatsApp, Snapchat. I know that the identities, telephone numbers, and usernames of other personal acquaintances are often maintained in contact lists on these devices, including in third-

party social media and other applications.  In my experience, owners of these devices take and store photographs or video recordings of themselves.  Individuals also use GPS applications (such as Google Maps or Apple Maps), which can reveal their whereabouts during criminal acts as well as establishing identity of the user of the device based on the locations frequented.  In my experience, the devices used by criminal offenders often contain evidence relating to their criminal acts including, but not limited to, contact lists, lists of recent call activity, messages, voicemails, photographs and video recordings, GPS and location information.

6.      I also know that some devices utilize subscriber identity module ("SIM") cards.  A SIM card is a chip that is used to authenticate a device to a network.  The SIM card generally contains subscriber information and authentication information, and it may contain contacts and encryption information.  The portability of SIM cards in some devices allows a user to easily change devices, while maintaining the same telephone number, by removing the card from one device and inserting it into another.  While SIM cards may have the capability to store some of the evidence described above, the storage capacity of devices tends to far exceed that of SIM cards.  Which information is stored on the SIM card, on the device, or in both locations varies and depends on variables such as the user-defined settings on the device and the memory capacity of the SIM card.  Accordingly, information pertaining to the owner of the cellular device or smart phone may be located on the SIM card itself, as well as the device in which the SIM card was inserted.

## **PROBABLE CAUSE**

7.      The following information is based upon my personal knowledge as well as information provided by other federal, state or local officers and is presented as probable cause to search the SUBJECT TELEPHONE, and any SIM card or other storage media contained

therein SUBJECT TELEPHONE.   Because this Affidavit is being submitted for the limited

purpose of establishing probable cause, I have not included each and every known fact regarding

the investigation.   More specifically, I have set forth only pertinent facts that I believe are

necessary to establish probable cause to search SUBJECT TELEPHONE for evidence of

violations 18 U.S.C. § 2119

8. Based upon the information contained in this Affidavit, there is probable cause to

believe that the SUBJECT TELEPHONE contains evidence of violation of 18 U.S.C. § 2119

9. ATF Special Agent (SA) Gregorio received information from a Dona Ana County

Sheriff's Office (DACSO) Detective regarding a motor vehicle that was taken by force by an

known male who possessed a firearm.   SA Boeglin learned the following.

10. On April 1, 2024, around 0225 hours, a DACSO Deputy was dispatched to a

carjacking that occurred on Interstate 25-mile marker 9 in Dona Ana County, New Mexico.   The

Deputy drove a DACSO marked vehicle with emergency equipment and was in a uniform that

displayed his badge of office.   The Deputy contacted the Victim ("V1" hereafter) on the side of

the roadway.   The deputy noticed several facial injuries on V1 that included a nosebleed.

11. A DACSO Detective responded and interviewed V1.   V1 visited a friend in

Alamogordo.   V1 drove a grey 2018 Chevrolet Equinox bearing New Mexico License Plate

750XFS.   V1 left Alamogordo (New Mexico) and traveled back to Los Lunas (New Mexico)

where V1 resided.   V1 just got onto Interstate 25 North from Highway 70.   V1 drove off the

roadway and stopped on the east shoulder near mile marker 9 (Dona Ana exit).   V1 placed the

vehicle in park, which caused the doors of the vehicle to unlock.   V1 parked to place a phone call

to V1's mother because V1 does not like to talk on the phone while driving.   V1 reached back

into the back seat and retrieved V1's phone from V1's purse.   V1 dialed V1's mothers phone

Page 4

number when the driver's side door suddenly opened and V1 was struck on V1's right face cheek by an unknown male holding a small black automatic handgun. The unknown male told V1 to get out of the car. The unknown male struck V1 three more times on V1's nose, right face cheek and right temple. The unknown male grabbed V1's hair and pulled V1 out of the car. V1 fell onto the ground and the unknown male got into the driver's seat and drove Northbound on Interstate 25. V1 said the unknown male had a deep voice and sounded like a younger male. V1 said he was a skinny male wearing black pants with a red stripe, a long sleeve shirt and black shoes.

12.    At approximately 0137 hours the dispatch center received a call from OnStar and reported a 2018 Chevrolet Equinox crashed near Del Rey Blvd. and Goat Hill Rd (Dona Ana County, New Mexico). DACSO Deputies located V1's abandoned vehicle crashed in a ravine in the south desert area of Goat Hill Rd. near Del Rey Blvd. The unknown male was not located at the crash scene.

13.    A DACSO Detective recovered the SUBJECT TELEPHONE from the rear passenger side seat, a black 9mm firearm magazine that contained five rounds of 9mm ammunition and one round of 9mm ammunition on the front passenger floorboard. The recovered items did not belong to V1.

14.    The DACSO Detective turned over the deemed to be abandoned SUBJECT TELEPHONE to ATF Agents and the deemed to be abandoned SUBJECT TELEPHONE was submitted into evidence at the Las Cruces Field Office.

15.    The grey 2018 Chevrolet Equinox bearing New Mexico License Plate 750XFS was not manufactured in the State of New Mexico and was transported in intestate commerce.

16.    This violation occurred in the County of Dona Ana, in the District of New

Mexico.

## ELECTRONIC STORAGE & FORENSIC ANALYSIS

17.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  This information can sometimes be recovered with forensics tools.

18.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how SUBJECT TELEPHONE was used, the purpose of its use, who used SUBJECT TELEPHONE, and when.  There is probable cause to believe that this forensic electronic evidence might be on SUBJECT TELEPHONE because:

   a.   Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   b.   A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   c.   The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a device is evidence may depend on other information stored on the device and the application of

Page 6

knowledge about how a device behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19.    *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of SUBJECT TELEPHONE consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the SUBJECT TELEPHONE to human inspection in order to determine whether it is evidence described by the warrant.

20.    *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21.    Based on the above information, there is probable cause to believe that evidence of violations of 18 U.S.C. § 2119 are located in the SUBJECT TELEPHONE.  Therefore, I respectfully request that this Court issue a search warrant for SUBJECT TELEPHONE, more particularly described in Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Respectfully submitted,

Gregorio Boeglin
Special Agent

Electronically submitted and telephonically
sworn to before me on September 3, 2024:

Kevin R. Sweazea
United States Magistrate Judge